IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                               :
GREGORY HOLSTON,               :  CIVIL ACTION
                               :
          Petitioner,          :
                               :
     v.                        :  NO. 07-CV-5486
                               :
ROBERT SHANNON, et al.,        :
                               :
          Respondents.         :
_____:
```

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Gregory Holston has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  By Order of January 23, 2008, the matter was assigned to the undersigned for preparation of a Report and Recommendation.  For the reasons that follow, I recommended that the Petition be denied with prejudice and dismissed without an evidentiary hearing.  I also recommend that there is no basis for granting a certificate of appealability.

## I.   PROCEDURAL HISTORY.[1]

On July 15, 2003, Holston was convicted of robbery, kidnaping and carrying a firearm without a license by a jury in the Philadelphia Court of Common Pleas.  (Resp. Ex. A. at 3.)[2]

_____

[1]This information is taken from the Petition for Writ of Habeas Corpus and the Commonwealth's Response and the exhibits attached thereto, and the Commonwealth's supplemental exhibits.

[2]In its opinion denying Holston's direct appeal, the Pennsylvania Superior Court set out the facts of Holston's

Holston was sentenced to two consecutive terms of 5 to 10 years imprisonment, followed by 5 years of probation.  (Id. at 4.)  Following sentencing, Holston filed a timely direct appeal raising only one ground: the verdict was against the weight of the evidence.  (Id.)  The Pennsylvania Superior Court, in an opinion dated September 23, 2004, concluded that the claim was precluded because Holston failed to raise the claim in the trial court, either before sentencing or in a post-sentence motion.[3]

---

crimes.  On December 16, 2001, Holston robbed Roy Gilliard, who was selling the Philadelphia Inquirer at 4901 Stenton Avenue in Philadelphia.  Holston approached Gilliard and asked him if he had change for a twenty dollar bill.  After Mr. Gilliard told him no, Holston walked back to his car, called Gilliard over and displayed a shotgun.  He demanded money and Gilliard gave him fifteen dollars.  Holston left the scene and Gilliard called the police.  At 7:30 a.m., Holston robbed another Inquirer seller at Broad Street and Lindley Avenue.  He again displayed the shotgun, demanded money, and told the victim, Anthony Walker, that he "would blow his head off."  Walker gave him $80 in bills and $25 in coins.  When Holston left, Walker called the police

At approximately 8:00 a.m., Holston approached Deborah King at 5th and Rockland Streets, brandished the shotgun, demanded money, and forced her into a nearby driveway where he rifled her purse finding only two dollars.  He then drove King to an ATM at Tabor Road and Adams Avenue and forced her to withdraw $100 from her bank account.  At this point, King was able to run away and call the police.

Holston was spotted by the police at 8:52 a.m. at 5th and Dauphin Streets.  When the police attempted to stop his car because it matched the police radio information, Holston attempted to flee, resulting in a high speed chase that lasted ten minutes.  When the police succeeded in stopping him, they observed the shotgun.  Holston then attempted to flee on foot. He was ultimately captured at his home at 5338 Carlisle Street, but the shotgun was not recovered.  (Resp. Ex. A at 2-3.)

[3]See Pa. R. Crim. Pro. 607(A) (governing challenges to the weight of the evidence).

(Id.)  Nonetheless, the Superior Court proceeded to examine the merits of the claim, finding that it to be without merit.  (Id. at 5-7.)  Holston then appealed to the Pennsylvania Supreme Court, which denied his petition for allocator on February 18, 2005.  (Pet. Habeas Corpus at 5.)

On September 27, 2005, Holston filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546, alleging claims of ineffective assistance of trial counsel, as well as an illegal or unconstitutional sentence.  (PCRA pet. at 1-3.)  Holston was appointed counsel; however, counsel was unable to identify any non-frivolous postconviction issues and submitted a letter in accordance with Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc).[4]  Holston's PCRA petition was reviewed by the court and dismissed on August 15, 2006. (Pet. Habeas Corpus at 6; Resp. at 3.)  Holston appealed, raising as issues that: 1) the PCRA court did not conduct an independent review of counsel's Finley letter before dismissal; and 2) PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to: a) investigate alleged exculpatory evidence, b)

---

[4]Finley, 550 A.2d 213 is Pennsylvania's analogue to Anders v. California, 386 U.S. 738 (1967) and governs collateral proceedings under the PCRA.  Finley allows court-appointed counsel to withdraw after he or she determines that the petitioner's claims are "meritless" and the court concurs. Finley, 550 A.2d at 394.

object to an allegedly coercive deadlocked-jury instruction at trial, and c) object to the trial court's imposition of an allegedly illegal sentence.  (Resp. at 3.)  The Superior Court rejected each of these claims of PCRA counsel ineffectiveness on their merits.  (Id.)  In doing so, the Superior Court also examined and rejected Holston's derivative claims that trial counsel was ineffective.  (Resp. Ex. B at 3-8.)

In his federal habeas petition Holston asserts the three claims which were raised only as *derivative* claims in PCRA appeal, namely his assertions that trial counsel was constitutionally ineffective.  (Pet. Habeas Corpus at 9).  Specifically, he asserts that "trial counsel failed to investigate and/or present indisputable exculpatory evidence;" failed to object to jury instructions which "coerced the jury to reach a verdict;" and failed "to object when the trial court imposed an illegal sentence."  (Id.)  The Commonwealth argues that all three of Holston's habeas claims are unexhausted and/or procedurally defaulted because he failed to raise them as direct claims in the state courts.  (Resp. at 7.)  I recommend that this argument is correct with respect to the first two issues, but, I suggest, the third issue is properly exhausted.  Nonetheless, I will also address the merits of all the issues Holston raises.

II.      **DISCUSSION**.

   A.   **Exhaustion, Procedural Default and the "Fairly Presented" Doctrine**.

   The federal habeas statute requires that prisoners exhaust their claims in state court before seeking relief from the federal courts.  See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").  Absent exceptional circumstances, a federal court may not determine the merits of a habeas corpus petition until the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 3354(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). Principles of comity "dictate that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844-45.  The petitioner bears the burden of proving that he has exhausted available state remedies. Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990).

   "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his

federal claims has deprived the state courts of an opportunity to address those claims in the first instance." <u>Coleman v. Thompson</u>, 501 U.S. 722,731-732 (1991).  To be beyond federal review, the procedural default at issue must rest on "adequate and independent" state law grounds. <u>Johnson v. Pinchak</u>, 392 F.3d 551, 556 (3d Cir. 2004) (citing <u>Harris v. Reed</u>, 489 U.S. 255, 262 (1989)). "[T]he state rule must have been announced prior to its application in the petitioner's case and must have been 'firmly established and regularly followed.'" <u>Abu-Jamal v. Horn</u>, 520 F.3d 272, 287 (3d Cir. 2008) (quoting <u>Fahy v. Horn</u>, 516 F.3d 169, 187 (3d Cir. 2008) (quoting <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24 (1991))).

The default will be excused if a petitioner can demonstrate cause and prejudice, or that a failure to consider his claims will result in a miscarriage of justice.  <u>Id.</u> at 750.  To satisfy the cause and prejudice requirement, courts have held that cause exists when a petitioner demonstrates "some objective factor external to the defense impeded efforts to comply with the State's procedural rule." <u>Slutzker</u>, 393 F.3d at 381 (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).  The cause must be "something that cannot fairly be attributed to the petitioner." <u>Coleman</u>, 501 U.S. at 753.  Prejudice means that the alleged error worked to the Petitioner's actual and substantial disadvantage. <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).  To show a

fundamental miscarriage of justice, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted.  Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002).  The Supreme Court has repeatedly held, however, that the scope of the miscarriage of justice exception is a narrow one.  Sawyer v. Whitley, 505 U.S. 333 (1992); McCleskey v. Zant, 499 U.S. 467 (1991); Dugger v. Adams, 489 U.S. 401 (1989).  This exception only applies when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496.  The Supreme Court has suggested that the test for actual innocence is whether there is "a fair probability that, in light of all the evidence, including that to have been . . . wrongly excluded or to have become available only after trial, the trier of the facts would have entertained a reasonable doubt of his guilt."  Kuhlmann v. Wilson, 477 U.S. 436, 454-55 n.17 (1986).

Finally, in order to satisfy the exhaustion requirement, a federal habeas claim must have been "'fairly presented' to the state courts. . . .  This means that a petitioner must 'present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'"  Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005) (internal citations omitted).  A claim is not fairly presented if the state court "must read beyond a petition or

brief . . . that does not alert it to the presence of a federal claim." Baldwin v. Reese, 541 U.S. 27, 32 (2004). Mere similarity of the federal and state issues is insufficient to prove exhaustion. Duncan v. Henry, 513 U.S. 364, 366 (1995). The relevant inquiry is whether the petitioner presented in state courts the legal theory and supporting facts asserted in the federal habeas petition. Nara v. Frank, 488 F.3d 187, 198 (3d Cir. 2007); Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).

I recommend that the first two of Holston's claims are unexhausted and procedurally defaulted, but that the third claim is exhausted. Holston's first habeas claim - that trial counsel was ineffective because "counsel failed to investigate and/or present indisputable exculpatory evidence" was not raised in his PCRA petition. (Resp. Ex. A at 4; Resp. Ex. B at 1-2.) In his PCRA *appeal*, Holston raised trial counsel's ineffectiveness for failure to investigate *only as a layered claim* to his issue that PCRA counsel was ineffective. (Resp. Ex. B at 3.) Under Pennsylvania rules, a claim not raised in the PCRA petition is waived and cannot be raised for the first time on appeal. See Pa. R. App. P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.") In non-capital cases, the Pennsylvania courts have consistently applied this rule to PCRA appeals. See e.g. Commonwealth v. Wharton, 811 A.2d 978, 990 (Pa. 2002) (claim raised on PCRA

appeal but not included in the PCRA petition was waived);
Commonwealth v. Washington, 927 A.2d 586, 601 (Pa. 2007)("Any
claim not raised in the PCRA petition is waived and not
cognizable on appeal."); but see Baker v. Horn, 383 F. Supp. 2d
720, 757 (E.D. Pa. 2005) (holding that the Pennsylvania Supreme
Court did not consistently apply Pa. R. App. P. 302 to bar merits
review in capital cases under its "relaxed waiver" doctrine).
Although the Superior Court concluded that the claim of trial
counsel ineffectiveness for failure to investigate was meritless,
the claim was first presented on appeal, and then only
derivatively to the claim of PCRA counsel's ineffectiveness.
(Resp. Ex. B at 4.)  The claim, therefore, was not properly
exhausted in state proceedings, and is procedurally defaulted
with no showing of cause and prejudice or miscarriage of justice.
See Coleman, 501 U.S. at 731-732.

     Holston's second habeas claim - that trial counsel was
ineffective because "counsel failed to object to the trial
court's instructions that coerced the jury" - suffers the same
defect.  (Resp. Ex. A at 4; Resp. Ex. B at 1-2.)  Holston raised
trial counsel's ineffectiveness for failure to object to jury
instructions only as a layered claim to PCRA counsel's
ineffectiveness, and only in his PCRA appeal.  (Resp. Ex. B at
3.)  Thus, this claim too is unexhausted, and procedurally
defaulted with no showing of cause and prejudice or miscarriage

of justice.

Holston's third habeas claim - that trial counsel was ineffective because "counsel failed to object when the trial court imposed an illegal sentence" - was raised directly in the initial PRCA petition.  (Resp. Ex. A at 1-2; Resp. Ex. B at 1-2.) In his PCRA appeal, Holston reasserted this claim as a basis for showing PCRA counsel's ineffectiveness.  The Superior Court reached the merits of trial counsel's ineffectiveness with respect to failure to object to an illegal sentence.[5]  (Resp. Ex. B at 7-8.)  Because the claim was raised directly in the PCRA petition and the court reached the merits of the claim on appeal, I recommend that the claim is exhausted.[6]

### B.   The AEDPA Standard

I analyze Holston's claims according to the precepts of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which altered habeas review of state convictions brought under § 2254.  Under AEDPA, a petitioner must demonstrate that the state court's adjudication of the merits "resulted in a decision that

---

[5]In doing so, I note, the Superior Court determined that "the claims of trial counsel ineffectiveness are *all* without merit, so, necessarily are all claims of PCRA counsel's failure to raise those claims."  (Resp. Ex. B at 8 (emphasis added).)

[6]Even though I recommend that Holston's first and second claims are procedurally defaulted, because the Superior Court actually addressed them as part of its discussion of PCRA counsel ineffectiveness, and determined that *all* claims were without merit, in the discussion that follows I also address their merits, along with the merits of the third claim.

was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." <u>See</u> <u>Penry v. Johnson</u>, 532 U.S. 782, 792-93 (2001) (explaining two-prong standard); <u>Williams v. Taylor</u>, 529 U.S. 362, 403-04 (2000) (same). Additionally, state court findings of fact are to be presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1). This presumption applies even if the finding was made by a state court of appeals rather than by the state trial court. <u>Bragg v. Galaza</u>, 242 F.3d 1082, 1087 (9th Cir.), <u>amended</u>, 253 F.3d 1150 (9th Cir. 2001).

The Supreme Court has said that "a state court decision will be 'contrary to' our clearly established precedent if the state court either 'applies a rule that contradicts the governing law set forth in our cases,' or 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" <u>Penry</u>, 532 U.S. at 792 (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)). A state court decision is an unreasonable application of the Supreme Court's precedent if the court "correctly identifies the governing legal rule but applies it unreasonably to the facts" of the case. <u>Id.</u>

C.   __Ineffective Assistance of Trial Counsel__

I recommend that the state court adjudication of Holston's ineffective assistance of counsel claims was neither contrary to, nor an unreasonable application of, Supreme Court law.  See Penry, 532 U.S. 782, 792-793.  The clearly established Supreme Court law governing claims of ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668, 687 (1984), wherein the Court established a two-pronged test to evaluate Sixth Amendment claims of ineffective assistance of counsel.  An individual making such a claim must show: (1) that "counsel's performance was deficient," which is measured by "reasonableness under prevailing professional norms;" and (2) that counsel's "deficient performance prejudiced the defense." Id. at 687-90. The Superior Court's recitation of the Pennsylvania standard for ineffective assistance, i.e., that the underlying claim has merit, that counsel had no reasonable basis for his conduct, and resulting prejudice (meaning that the outcome of the proceeding would have been different), see Resp. Ex. B. at 4, is materially identical to the test enunciated in Strickland.  See Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000).  Therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, i.e., the state court decision, evaluated objectively and on the merits, resulted in an outcome

12

that cannot reasonably be justified under Strickland." Werts,
228 F.3d at 204.  I recommend that the state courts' application
of Strickland to Holston's claims was not unreasonable.

### 1.   Trial Counsel's Failure to Investigate

I recommend that the Superior Court's discussion of
Holston's first defaulted claim - that trial counsel failed to
investigate exculpatory evidence – was a reasonable application
of Supreme Court law.  Holston argued that counsel was
ineffective because he failed to investigate and introduce as
evidence videotape from the ATM involved in the King robbery.
The Superior Court, beginning with the presumption that counsel
was effective and that it was Holston's burden to prove
otherwise, held that Holston's claim was meritless because he had
not shown that any videotape actually existed, and that, if such
video evidence had been presented, it could have actually
confirmed Holston's guilt.  Thus, it concluded, there was no
basis to find that the tape constituted exculpatory evidence.
(Resp. Ex. B at 4.)

I recommend that this was a reasonable application of
Supreme Court law.  The Court has held that the proper standard
for measuring attorney performance is "reasonably effective
assistance." Strickland, 466 U.S. at 687.  In general, this
standard requires judicial scrutiny of an attorney's performance
to be highly deferential. Id. at 689.  Additionally, the Court

has instructed that the strategic decisions of trial counsel should not be second guessed, id.; rather, courts should evaluate the reasonableness of an attorney's conduct in light of all the circumstances as they existed at the time of the conduct.  Id. at 690.  Finally, the Supreme Court has specifically instructed that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  Id.  The Superior Court's employment of the presumption of effectiveness, its placement of the burden on Holston to prove otherwise, and its conclusion that Holston did not meet his burden, was a reasonable application of Strickland.

### 2.   Failure to Object to Jury Instruction

I recommend that the Superior Court's discussion of Holston's second defaulted claim - that trial counsel failed to object to a coercive jury instruction – was also a reasonable application of Supreme Court law.  The Superior Court determined that the jury instruction was proper under state law, and therefore there could have been no ineffective assistance of counsel arising from the failure to object.  (Resp. Ex. B at 6-7 (citing Commonwealth v. Montgomery, 687 A.2d 1131, 1136 (Pa. Super. Ct. 1996).)  It is clear under the rule of Strickland that counsel cannot be ineffective for failing to raise a meritless claim.

### 3.   **Failure to Object to the Sentence**

In his last claim, the one he actually exhausted in the state courts, Holston asserts that counsel was ineffective for failing to object to his allegedly illegal sentence because Pennsylvania courts cannot impose two mandatory minimum sentences for offenses arising from one criminal episode involving one victim.  The Superior Court held however that, under Pennsylvania law, two mandatory minimum sentences may be applied to a single episode which resulted in multiple crimes, each of which required separate mandatory sentences.  (Resp. Ex. B at 8, citing Commonwealth v. McLaughlin, 574 A.2d 610 (Pa. Super. Ct. 1990).) Because the sentence was legal under state law, the Court concluded that there could have been no ineffective assistance claim arising from counsel's failure to object.  This construction is not an unreasonable application of Supreme Court precedent.[7]

For these reasons, I make the following:

---

[7]The Superior Court also rejected Holston's assertion of ineffective assistance based upon a failure to objected to the trial court's alleged miscalculation of his "offense gravity score."  (Resp. Ex. B. at 8.)  The Superior Court analyzed this contention under state law and concluded that, even if Holston's argument was correct, his "sentence would remain the same." (Id.)  Because the Court found that the sentence was not illegal, it concluded that "trial counsel was not ineffective for failing to object."  (Id.)  I recommend that this too was not an unreasonable application of Strickland.

## **RECOMMENDATION**

AND NOW, this 23rd day of June, 2008, IT IS RESPECTFULLY RECOMMENDED that this matter should be DISMISSED without an evidentiary hearing.  I further RECOMMEND that there is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


 /s/ Arnold C. Rapoport
ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

16